1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

11

REX RICAFORT,                                          2:24-cv-2015-KJM-CKD

12                Plaintiff,

13          v.                                               ORDER

14    FLOWERS BAKING CO. OF
       MODESTO, LLC, et al.,
15
                  Defendants.
16

17

18          Plaintiff's motion to compel and the parties' joint statement on the discovery dispute are

19    before the court. (ECF Nos. 18, 19.) The parties appeared via Zoom for a hearing on October 29,

20    2025. Kyung Finley appeared for plaintiff; Shannon Clawson appeared for defendants. The

21    motion is granted in part and denied in part as set forth below.

22    **I.      Background**

23          Defendants removed this case to this court on the basis of diversity jurisdiction. (ECF No.

24    1.) Plaintiff alleges claims against his former employer as follows: (1) disability discrimination;

25    (2) failure to provide reasonable accommodation; (3) failure to engage in the interactive process;

26    (4) age discrimination; (5) national origin discrimination; (6) CFRA rights retaliation; (7) CFRA

27    rights interference; (8) failure to prevent discrimination and harassment; (9) failure to pay

28    minimum wage; (10) failure to pay overtime wages; (11) failure to provide and maintain accurate

1    itemized wage statements; (12) failure to timely pay all wages; (13) failure to pay all wages due

2    upon termination; (14) failure to provide meal periods; (15) failure to provide rest periods; (16)

3    failure to reimburse business expenses; and (17) violation of the Unfair Competition Law. (ECF

4    No. 1-1.)

5          Plaintiff alleges defendant Flowers Baking Co. of Modesto, LLC ("Flowers" or

6    "defendant") employed him from 2017 until March 2024, misclassified his Area Sales Director

7    role as exempt, and violated various wage and hour laws. On or about January 23, 2024, plaintiff

8    took a leave of absence pursuant to the federal Family Medical Leave Act ("FMLA") and the

9    California Family Rights Act ("CFRA") to undergo surgery. Flowers terminated plaintiff's

10   employment on March 21, 2024. Plaintiff alleges he was terminated in lieu of being provided

11   with a reasonable accommodation and/or defendant engaging in the interactive process, and that

12   his leave was a substantial motivating reason for the termination.

13         Defendants deny the allegations and maintain that plaintiff's role was an exempt position.

14   Defendants deny that they failed to pay any wages or business expenses owed. Defendants deny

15   they discriminated against plaintiff on the basis of disability and/or national origin, interfered

16   with his protected leave of absence, or retaliated against him for taking a leave of absence or

17   seeking reasonable accommodations. Defendants contend plaintiff's employment was terminated

18   because an internal investigation concluded he violated a use of company property policy and

19   abused his power as a manager by instructing a subordinate to procure a company vehicle for

20   personal use while on a leave of absence.

21         Plaintiff filed the present motion to compel on September 19, 2025. Defendants'

22   responses to the following requests are at issue: Request for Production of Documents, Request

23   Nos. 2, 3, 8-11, 14, 15, 18, 19, 21-26, 33-35, and 38-83. (ECF No. 18.) Plaintiff requests

24   monetary sanctions in the form of reasonable expenses for the motion. (Id.)

25   **II.     Legal Standards**

26         Parties may obtain discovery regarding any nonprivileged matter that
             is relevant to any party's claim or defense and proportional to the
27           needs of the case, considering the importance of the issues at stake
             in the action, the amount in controversy, the parties' relative access
28           to relevant information, the parties' resources, the importance of the

2

1
2

> discovery in resolving the issues, and whether the burden or expense
> of the proposed discovery outweighs its likely benefit. …

3   Fed. Rule Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if the

4   discovery sought is unreasonably cumulative, obtainable from some another source that is more

5   convenient, less burdensome, or less expensive, or outside the scope permitted by Rule 26(b)(1).

6   Fed. R. Civ. P. 26(b)(2)(C).

7          In a motion to compel discovery under Federal Rule of Civil Procedure 37(a), "[t]he party

8   seeking to compel discovery has the burden of establishing that its request satisfies the relevancy

9   requirements of Rule 26(b)(1)." Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer,

10  285 F.R.D. 481, 485 (N.D. Cal. 2012) (citing Soto v. City of Concord, 162 F.R.D. 603, 610 (N.D.

11  Cal. 1995). The party opposing the discovery "has the burden of showing that discovery should

12  not be allowed, and also has the burden of clarifying, explaining and supporting its objections

13  with competent evidence." Id. (citing DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal.

14  2002)).

15     **III.    Discussion**

16          **A.     Rule 34(b)(2)(C) Dispute**

17          Plaintiff argues defendants' responses do not comply with Federal Rule of Civil Procedure

18  34(b)(2)(C), which requires a party to state whether any responsive materials are being withheld

19  on the basis of an objection. (ECF No. 19 at 20.) Defendants argue plaintiff is demanding they

20  state they are not withholding documents on the basis of any objection, which they argue they

21  cannot do because the requests are vague, overly broad and unduly burdensome. (Id. 22.)

22          In meet-and-confer discussions, defendants offered to amend responses to state the

23  following, which plaintiff rejected:

24
25
26

> Subject to and without waiving the foregoing objections, Defendant
> responds as follows: Defendant will produce all non-privileged
> responsive documents in its possession, custody or control that it can
> locate following a diligent and good faith search and reasonable
> inquiry, and is not withholding any responsive documents.

27  (ECF No. 19 at 23.) Defendants affirmed they were not withholding any documents on the basis

28  of any evidentiary privilege and affirmed they would provide a privilege log should they locate

3

1    privileged responsive documents. (Id.) Plaintiff rejected the proposed language. Defendants have

2    not amended their objections and responses.

3         Defendants' responses do not comply with Rule 34(b)(2)(C) because they fail to state

4    whether any responsive materials are being withheld on the basis of any specific objection. See

5    RG Abrams Ins. v. L. Offs. of C.R. Abrams, No. 2:21-CV-00194-FLAMAAX, 2021 WL

6    4805315, at *8 (C.D. Cal. Aug. 10, 2021) ("Defendants… know whether they are [withholding

7    documents], and if so, should know the basis for any objections authorizing such withholding. A

8    statement that they do not know if they are withholding responsive documents on the basis of an

9    objection is not an option under Rule 34(b)(2)(C)."). On this point, plaintiff's motion to compel is

10   granted.

11        Defendants' proposed responses also do not suffice because of the qualifier that all

12   responses are subject to and without waiving their objections. See Sherwin-Williams Co. v. JB

13   Collision Servs., Inc., No. 13-CV-1946-LAB WVG, 2014 WL 3388871, at *2 (S.D. Cal. July 9,

14   2014) (explaining such phrasing is unclear whether the responding party has fully or only

15   partially responded); Fay Ave. Props., LLC v. Travelers Prop. Cas. Co. of Am., No. CIV. 11-

16   2389-GPC WVG, 2014 WL 2965316, at *2 (S.D. Cal. July 1, 2014) (a party responding to a

17   request for production of documents has three options: (1) serve an objection to the requests as a

18   whole, (2) serve an objection to part of the request, provided it specifies the part to which it

19   objects and respond to the non-objectionable portions, or (3) serve a response that says that all

20   responsive documents will be produced).

21        Defendants must serve amended responses compliant with Rule 34(b)(2)(C). Where the

22   parties agree to narrow the scope of the request or the court orders it narrowed, the statement

23   required by Rule 34(b)(2)(C) is limited accordingly.

24       **B.    RFP Nos. 2, 3**

25        These requests seek all documents bearing plaintiff's signature and all documents

26   reflecting or referring to job descriptions for any position plaintiff held. (See ECF No. 19 at 19,

27   23.) Defendants argue the requests are vague, overly broad and unduly burdensome in scope, and

28   not proportionate to the needs of the case. (Id. at 22, 26.)

4

1    Defendants question, for example, whether plaintiff considers every email he sent during

2    his employment as a responsive document to RFP No. 2. (ECF No. 19 at 22.) At the hearing on

3    this matter, however, plaintiff's counsel indicated the parties discussed this issue and the scope of

4    the request in meet and confer.

5    Defendants do not support their objections with competent evidence. Moreover, their

6    response already indicated they would comply with the request by producing all non-privileged

7    responsive documents within defendant's possession, custody, or control, to the extent they can

8    be located after a diligent and good faith search and reasonable inquiry.

9    As to RFP No. 3, plaintiff's own statement describes RFP No. 3 as seeking "copies of job

10    descriptions" (ECF No. 19 at 15) and defendants responded that defendants will produce the job

11    descriptions applicable to plaintiff during his period of employment (id. at 25). The request for all

12    documents "reflecting or referring to job descriptions" is overly broad and fails to identify the

13    documents sought with reasonable particularity. This request is limited to "ALL Documents

14    containing job descriptions, whether complete or partial, that YOU used for any position that

15    PLAINTIFF held during the time period June 7, 2020 to March 21, 2024." Defendants shall

16    provide responsive documents and amended responses for RFP No. 2 and RFP No. 3, as limited.

17    **C.    RFP Nos. 8-10**

18    These requests seek communications concerning the complaint's claims and allegations

19    from plaintiff's termination to the present. (ECF No. 19 at 27, 31, 32.) Defendants argue requests

20    for post-employment communications are overbroad, vague, and of limited relevance. (Id. at 30.)

21    But plaintiff offered to narrow the scope of the requests to include (a) "only non-privileged

22    communications occurring on or after plaintiff's termination date (b) containing the words "Rex"

23    and/or "Ricafort;" and (c) 18 specified custodians. Defendants do not show the burden or expense

24    of the proposed discovery outweighs its likely benefit. Defendants shall provide responsive

25    documents and amended responses to RFP Nos. 8-10, as limited.

26    **D.    RFP No. 11**

27    This request seeks defendants' insurance policies. (ECF No. 19 at 33.) The parties agree

28    defendants shall provide the responsive declaration page(s) of its EPLI policy which discloses the

5

1  liability limits and any deductible amounts. (Id. at 34-35.) It therefore appears this issue is
2  resolved, except as to production.

3      **E.      RFP No. 14**

4      This request seeks organizational charts that refer to plaintiff or plaintiff's position. (ECF
5  No. 19 at 35.) Based on plaintiff's revised parameters from meet-and-confer discussions,
6  defendants agree to amend their response to state that following a reasonable search and diligent
7  inquiry, no such documents are known to exist or have existed. (ECF No. 19 at 37.) It therefore
8  appears this issue is resolved, except for service of the amended response.

9      **F.      RFP No. 15**

10     This request seeks plaintiff's pay records. (ECF No. 19 at 37.) In response, defendants
11 referred to plaintiff's payroll records disclosed with their Initial Disclosures and their response to
12 RFP No. 35. (Id. at 38.) Plaintiff's argument focuses on the Rule 34(b)(2)(C) dispute and does not
13 specifically contest defendants' response referring to other produced documents. It therefore
14 appears this issue is resolved, except for service of the amended response.

15     **G.      RFP No. 18**

16     This request seeks documents "reflecting or referring to" the reasons why defendants
17 terminated plaintiff's employment. (ECF No. 19 at 39.) The phrase "reflecting or referring to" is
18 overly broad and fails to identify the documents sought with reasonable particularity. During the
19 meet and confer process, plaintiff agreed to narrow the scope of this request to "[a]ll
20 DOCUMENTS sufficient to identify all the reason(s) why [DEFENDANTS] terminated
21 PLAINTIFF's employment." (Id.) The court finds the phrase "sufficient to identify all the
22 reasons(s) why…" to be vague and ambiguous. However, defendants' response indicates they
23 reasonably construed the request as seeking documents "related to Plaintiff's separation from
24 employment[.]" (Id.) Defendants shall produce documents responsive to the request as reasonably
25 construed and their amended response.

26     **H.      RFP No. 19**

27     This request, as limited by the parties during meet and confer, seeks plaintiff's
28 performance evaluations. (ECF No. 19 at 41.) During the meet and confer process, plaintiff

1   agreed to narrow the scope of this request to copies of all of plaintiff's performance evaluations

2   during his employment with defendants, and defendants indicated they will comply. (<u>Id.</u> at 39,

3   41) It therefore appears this issue is resolved, except as to production and the amended response.

4       **I.       RFP No. 21**

5           This request seeks documents that RELATE TO defendants' policies on several matters.

6   (ECF No. 19 at 42.) During meet and confer, plaintiff agreed to narrow the scope of the request to

7   seek documents that reflect defendants' policies on discipline (progressive or otherwise),

8   termination, salary increases, promotions and/or severance pay that were in effect during the time

9   period June 7, 2020 to March 21, 2024. (ECF No. 19 at 43.) In response to the original request,

10  defendants agreed to produce the Employee Handbook, which defendants state contains the

11  responsive policies to the extent they exist. (<u>Id.</u> at 43-44.) Defendants argue producing documents

12  that "reflect" disciplinary and termination policies may inherently include documents concerning

13  third parties which are personnel information and afforded privacy rights.

14          Plaintiff's argument focuses on the Rule 34(b)(2)(C) dispute and does not address

15  production limited to the Employee Handbook or any need for personnel records of third parties.

16  While plaintiff seeks relevant information, plaintiff does not argue the information is not readily

17  available from the Employee Handbook. <u>See</u> <u>Life Techs. Corp. v. Superior Ct.</u>, 197 Cal. App. 4th

18  640, 65289 (2011), disapproved of on other grounds by <u>Williams v. Superior Ct.</u>, 3 Cal. 5th 531

19  (2017) (discovery of personnel files is authorized despite privacy concerns if the material sought

20  is relevant and the need for discovery is compelling because the information cannot reasonably be

21  obtained through depositions or from nonconfidential sources); <u>Matter of Hawaii Corp.</u>, 88

22  F.R.D. 518, 524 (D.C. Hawaii Apr. 21, 1980) (discovery of personnel files is authorized despite

23  privacy concerns if the material sought is "clearly relevant" and the need for discovery is

24  "compelling because the information sought is not otherwise readily obtainable"). Defendants

25  shall produce the Employee Handbook, but, otherwise, the objection is sustained.

26      **J.       RFP No. 22**

27          This request seeks documents that "reflect or RELATE TO" any written statements or

28  declarations referring to plaintiff made by any person after February 1, 2024. (ECF No. 19 at 45.)

1   The term "RELATE TO" is defined as "constituting, concerning, regarding, referring to,

2   reflecting, discussing, supporting, or in any way logically or factually connected with the matter

3   that is the subject of the Request for Production." (ECF No. 20 at 21.) The request for documents

4   that relate to other written statements referring to plaintiff is vague and ambiguous and does not

5   identify the documents sought with reasonable particularity. The objection is sustained.

6   **K.      RFP Nos. 23, 24**

7       RFP No. 23 seeks communications by, among, or between defendants' past or present

8   employees, officers, agents or directors discussing the "<u>possible</u> termination" of plaintiff. (ECF

9   No. 19 at 47.) During the meet and confer process, plaintiff agreed to narrow the scope of these

10  requests to 18 custodians. (<u>Id.</u> at 48.) Plaintiff argues the information is relevant to determine

11  whether there is documentary evidence indicating defendants considered terminating plaintiff's

12  employment before becoming aware of his disability (carpal tunnel syndrome) and/or requests for

13  and use of leave. (<u>Id.</u> at 48.)

14      Defendants do not show that the burden or expense of the proposed discovery outweighs

15  its likely benefit. Defendants shall produce documents responsive documents to RFP No. 23,

16  limited in scope to the 18 custodians, and an amended response.

17       RFP No. 24 seeks documents that RELATE TO documents responsive to RFP No. 23.

18  (ECF No. 19 at 51.) It is vague and ambiguous and does not identify the documents sought with

19  reasonable particularity. Defendants' objection to RFP No. 24 is sustained.

20  **L.      RFP Nos. 25, 26, 48-55, 68, 69, 74, 75, 80, 81**

21      These requests seek emails sent to and from specified employee workplace accounts from

22  2020 through the present. (E.g., ECF No. 19 at 52, 58.) During the meet and confer process,

23  plaintiff agreed to narrow the scope of these requests to seek communications between specific

24  individuals and 18 custodians containing plaintiff's name including "Rex" and "Ricafort." (<u>Id.</u> at

25  53.)

26      Defendants argue they advised plaintiff that using the proposed search terms for plaintiff's

27  name resulted in over 36,000 hits, with deduplication, for all custodians, which could amount to

28  $36,000 or more in expenses. (ECF No. 19 at 56.) They argue the scope of the request is

1 overbroad as to timing, that many documents are protected by third party privacy rights, and that

2 the request is disproportionate to the needs of the case. (Id.) Defendants argue cost sharing would

3 be appropriate if they have to comply. (Id. at 57.)

4     Defendants argue they asked plaintiff to propose additional search terms and plaintiff

5 declined. (ECF No. 19 at 56-57.) Plaintiff argues that because his first and last names are

6 uncommon, it is unlikely the searches will result in mis-hits or irrelevant communications. (Id. at

7 53.) The specified individuals either appear to have relevant information based on their position

8 or were identified in defendants' Initial Disclosure Statement. Defendants do not show the burden

9 or expense of the proposed discovery outweighs its likely benefit as to the narrowed scope of the

10 request. However, the parties are encouraged to meet and confer further to limit the burden and

11 expense on this and all requests.

12     **M.**    **RFP Nos. 33, 34**

13     These requests seek documents that RELATE TO disciplining plaintiff and plaintiff's

14 termination. (ECF No. 19 at 59, 62.) Defendants objected on various grounds. The parties'

15 arguments focus on the Rule 34(b)(2)(C) dispute. (Id. at 59-64.) Defendants shall serve amended

16 responses.

17     **N.**    **RFP No. 35**

18     This request seeks documents that reflect compensation paid to plaintiff. (ECF No. 19 at

19 64.) Defendants responded, in part, that they would comply by producing plaintiff's paystubs, W-

20 2 statements, and EDD reports within defendants' possession, custody, or control. (Id.) The

21 parties' arguments focus on the Rule 34(b)(2)(C) dispute. (Id. at 65.) Defendants shall serve

22 amended responses.

23     **O.**    **RFP Nos. 38-47, 56-67, 70-73, 76-79, 82-83**

24     These requests seek emails and text messages between specific individuals and plaintiff

25 between June 7, 2020, through March 21, 2024. (E.g., ECF No. 19 at 65, 108.)

26     **1. Emails**

27     Defendants argue a request for all emails between plaintiff and these individuals is overly

28 broad, unduly burdensome, and not proportionate to the needs of the case. (ECF No. 19 at 69.)

9

1    Defendants argue not every communication is relevant and plaintiff can obtain the information

2    about his day-to-day activities through more tailored document requests, interrogatories, and

3    deposition testimony. (Id. at 70.) They argue some of the responsive communications inherently

4    contain confidential and sensitive information about customers and trade secrets (e.g., customer

5    lists, non-public pricing information, financial data and reports, etc.). (Id.)

6           Plaintiff argues just a subset of communications describing isolated tasks is not enough

7    and that he needs communications that disclose the day-to-day reality and frequency of his duties,

8    as relevant to whether he was an exempt executive or should have been classified as a non-

9    exempt employee, which turns on the nature of the work and how frequently it is performed. (Id.

10   at 67.) The specified individuals either appear to have relevant information based on their position

11   or were identified in defendants' Initial Disclosure Statement. Defendants do not meet their

12   burden to show the burden or expense of the proposed discovery outweighs its likely benefit.

13   Defendants shall provide responsive documents and amended responses.

14                      **2.  Texts**

15          During the meet and confer process, plaintiff agreed to narrow the requested time frame to

16   January 1, 2021 through the present. (ECF No. 19 at 108.) During meet and confer, it appears

17   defendants either indicated they have no texts for the specified individual or that they have the

18   text message data plaintiff is requesting and agree to provide it in the reasonably usable format in

19   which it is preserved. (E.g., id. at 113, 120.) It therefore appears this issue is resolved, except as

20   to production of the responsive documents for the narrowed time frame and service of the

21   amended responses.

22                **P.      Request for Reasonable Expenses**

23          If a motion to compel is granted in part and denied in part, the court may apportion

24   reasonable expenses for the motion. Fed. R. Civ. P. 37(a)(5)(C). Plaintiff's request for sanctions

25   is denied without prejudice to renewal if defendants fail to comply with this order. See also Fed.

26   R. Civ. P. 37(b).

27   ////

28   ////

**IV.     Order**

For the reasons set forth above, IT IS ORDERED as follows:

1.  Plaintiff's motion to compel (ECF No. 18) is GRANTED in part, as follows:

    a.  Denied in part as to RFP No. 21; denied as to RFP Nos. 22 and 24; and denied without prejudice to the request for reasonable expenses for the motion.

    b.  Granted or granted in part as set forth for the other requests at issue as set forth.

2.  Within fourteen (14) days, defendants shall produce responsive documents and serve amended responses and any privilege logs.

Dated:  October 31, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, rica24cv2015.mtc